Joseph P. Kuszynski, J.
Very few issues have the potential of arousing a community more than new® of the filing of an application for the establishment of a trailer park. Yet, if there is a zoning ordinance permitting one and the application is in compliance with its requirements, permission to establish one cannot be unreasonably withheld. The Town of Marilla in Erie Countyby its adoption of the ordinance for the establishment and operation of a trailer park has clearly indicated that such use is consistent with and in harmony with its over-all zoning plan.
The petitioner Leslie K. Bush contends the action of the Town Board of Marilla which by a three to two vote of its members denied his application to establish and operate a trailer park on his land on Three Rod Road was capricious, arbitrary and without foundation. He contends his plans meet the rigid standards set forth in the town’s trailer park ordinance.
Petitioner’® land on Three Rod Road in the Town of Marilla consists of 90 acres with a 1,400-foot frontage and a 2,700-foot depth. Of this, the plan indicates some 35 acres will be occupied by 154 trailer units servicing approximately 370 occupants. There is no access to a public fresh water source nor to public sewers and according to the testimony adduced during the hearing none can be expected until the year 2010. The site will be self-sustaining as to water and sewage; it will be the source of all water needed for human use and for fire protection. Also, it will be the sewage disposal site for the human effluent and the ancillary waste. The establishment of the trailer park, as *73 per submitted plans, will entail an expenditure of $150,000, exclusive of the land costs.
When a town board in the exercise of its legislative powers enacts an ordinance setting forth the minimum standards for the issuance of a permit but retains for itself the administrative function of determining whether a permit may be granted or not, its consent cannot be unreasonably withheld. (Matter of Shell Oil Co. v. Farrington, 19 A D 2d 555; Matter of Sun Oil Co. v. Young, 37 A D 2d 969.) Such determination is reviewable in an article 78 proceeding. (Matter of Rothstein v. County Operating Corp., 6 N Y 2d 728.)
The Marilla Town Board had premised its denial upon five specific grounds. The first has to do with the topography of the land. Because 20% of the surface of the tract in question is wet and marshy, the board decided it is not conducive to a trailer park operation. The Erie County Public Works Department, however, had approved the technical aspects of the drainage scheme. There was testimony, too, by the petitioner that he intends to level the higher spots and bring in fill where necessary.
Another reason given is the insufficiency of the means of ingress and egress to carry the trailer park traffic. On the 16-foot-wide asphalt-paved Three Rod Road there are only eight homes on both sides of the road. The land in question on Three Rod Road is halfway between Bullís Road and Clinton Road, both of which are traffic highways. Petitioner’s plans call for three access driveways from the trailer park to Three Rod Road. This court disagrees that the road is insufficient for the proposed mobile park. (See Matter of Walworth Leasing Corp. v. Sterni, 64 Misc 2d 940.)
The remaining reasons given for the disapproval concern water supply and sewage disposal. The Town Board found the site lacks the potential to satisfy these needs. It must be noted, however, that the trailer park ordinance delegates these areas of concern to the Erie County Health Department. Since the Erie County Health Department has approved petitioner’s plans, the Town Board cannot now impose its judgment in this area and overrule the approval of the Erie County Health Department.
Loath as the courts are to substitute their judgment in the conduct of town affairs, the denial by the Town Board of Marilla of petitioner’s application was arbitrary and unreasonable. The board is directed to grant the permit applied for.